## CHARLES MOORE *v.* THE STATE.

CORPORATION, MUNICIPAL. *Taxing districts. Power to impound stock.* Under the third section of the act of the Legislature creating Memphis a taxing district, power is given said district by ordinance to provide for impounding stock running upon the streets.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

C. W. HEISKELL for Moore.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Moore was convicted in the criminal court of Shelby county by the judge, a jury being waived, of assault and battery, and has appealed to this court.

The defendant was authorized by an ordinance of the taxing district to take up and put in a pound stock, including swine, running at large upon the streets of the city of Memphis. In the execution of this duty the prosecutor interfered with defendant, and no more force was used by him than was necessary to overcome such interference. The judge held the ordinance invalid, as not being authorized by the act creating the taxing district, and conferred no authority to take up or impound stock, and upon this

ground he adjudged defendant guilty of an assault and battery.

The third section of the act under which Memphis was created a taxing district provides that the local government shall have power to establish workhouses, etc., and to declare what acts shall be misdemeanors, and, when committed within the taxing district to punish the offenders by fine and forfeiture, and by imprisonment and labor, within and without the work-house, in default of the payment of the fines imposed as punishment.

Under this act the taxing district made it a misdemeanor in the owner to permit his stock to run at large in the streets, etc., of the city, and the chief of police was required to have all such stock taken up and put in the pound, allowing the owner three days within which to reclaim it, and if not reclaimed within that time, then to be advertised four days, and sold at public sale, with provisions for disposition of the proceeds of sale by paying the same over to the register, less costs incident to sale, etc.

We have been furnished no brief on the part of the State.

The ground upon which we suppose the ordinance was held void by his honor, is, that the act directs the mode in which persons guilty of misdemeanors shall be punished, namely, fine and imprisonment. But the language of the act is, by "fines and forfeitures, and by imprisonment," in default of payment of fines imposed," and it does not prescribe the conditions upon which the forfeitures may be en-

forced. It does, however, expressly confer the power to punish by forfeitures, as well as by fines and imprisonment.

The ordinance declares the permitting stock to run at large in the streets, etc., a misdemeanor, and proceeds to provide for impounding and disposing of it.

The act also confers on the taxing district power to define, prevent and remove nuisances. Section 3. Under the power to make ordinances for the removal of nuisances, and for the good government of the town, an ordinance was passed to impound hogs running at large, and advertise and sell after three days. and pay to owner proceeds after deducting charges. It was held by the Supreme Court of North Carolina that the ordinance was reasonable, and the corporation, under the power referred to, had authority to pass it. In a subsequent case in the same court a similar ordinance was sustained. See 1 Dil. Municipal Corporations, sec. 284.

In 7 Lea, 441, it is held that under an express power to impose forfeitures, a municipal corporation may, by ordinance, impound the stock of a non-resident, running at large in its streets, etc.

In that case the power conferred was, " full power and authority to enact and pass such laws and ordinances as are necessary to preserve the health of the town, to prevent and remove nuisances, * * to impose and appropriate fines, penalties and forfeitures for the breach of the by-laws and ordinances."

We are of opinion that the ordinance in question was valid, and authorized by the third section of the

taxing district act, and that the opinion of his Honor, the judge of the criminal court, was erroneous. And inasmuch as the guilt of the defendant depended upon the invalidity of said ordinance, the judgment will be reversed, and defendant will be discharged.